```
              THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FLETCHER-HARLEE CORP., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 05-2589 (JBS) |
| v. | **O P I N I O N** |
| POTE CONCRETE CONTRACTORS, INC. | |
| Defendant. | |

APPEARANCES:

Carter N. Williamson, Esq.
Kevin B. Watson, Esq.
COHEN, SEGLIAS, PALLAS,
GREENHALL & FURMAN, P.C.
2 White Horse Pike
Haddon Heights, NJ 08035
    Attorneys for Plaintiff

Thomas A. Clark, Esq.
CURETON CAPLAN
950B Chester Ave.
Delran, NJ 08075
    Attorney for Defendant

**SIMANDLE**, District Judge:

This matter comes before the Court on Defendant Pote Concrete Contractors, Inc.'s ("Pote") Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Plaintiff Fletcher-Harlee Corporation brought this cause of action for breach of contract and promissory estoppel. Plaintiff and Defendant have filed briefs and responses in opposition to and in support of the motion, respectfully. For the following reasons, Defendant's motion to dismiss will be granted.

**I.    Background**

The Richard Stockton College of New Jersey ("Stockton") invited bids, through public advertisement, for construction of its College F-Wing Additions and Alterations located in Pomona, New Jersey ("the Project").  The advertisement provided that prospective bidders were required to submit their bid at a public bid opening, scheduled for January 27, 2005.  (Pl. Compl. at 2.) In preparation of its bid prior to January 27, Plaintiff solicited bids from various concrete subcontractors to provide quotes for the concrete portion of the Project.  (Id.)

Defendant responded to Plaintiff's solicitation by faxing a written bid on January 18, 2005 to Plaintiff for $310,402.  (Pl. Compl. at Ex. A.)  The bid lists the scope of work to be performed and bases its quote specifically on that list.  (Id.) The bid also contains a list of exclusions, work that is specifically not covered by the scope of the bid.  (Id.) Following the exclusions, the bid states:

> This is provided for informational purposes and no reliance should be placed thereon.  Pote Concrete Contractors, Inc. will not be responsible or liable in any manner pending execution of a written agreement covering the work in question.  The submission of this information should not be regarded as a firm offer.

(Id.)

On January 27, 2005, Plaintiff learned that it was the lowest bidder and Stockton awarded Plaintiff the Project. (Pl. Compl. at 3.)  Shortly thereafter, Plaintiff advised Defendant

2

that Plaintiff used Defendant's bid and was in fact awarded the contract.  (Id.)  Then, Defendant, during the course of reviewing the Project plans, advised Plaintiff that it could not meet the original quote because the cost of material had significantly increased.  (Def. Br. at 2.)  Plaintiff did not accept a higher price from Defendant (Id.), and no written agreement between Plaintiff and Defendant has been submitted.

In an effort to mitigate its damages, Plaintiff sought estimates from other concrete subcontractors.  According to Plaintiff, the lowest bid they received was in excess of $500,000.  (Pl. Br. at 3.)  As such, Plaintiff claims they have incurred damages in excess of $75,000 due to Defendant's failure to deliver materials at the original price quote.  (Id.)

**II.  Discussion**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts.  See Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view

all allegations in the Complaint in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Finally, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim.  Markowitz, 906 F.2d at 103.

However, a Complaint should be dismissed if, accepting all plaintiff's allegations and the reasonable inferences to be drawn therefrom, no relief could be granted under any set of facts to be proved.  Watts v. Internal Revenue Service, 925 F. Supp. 271, 275 (D.N.J. 1996).  Although this Court must for the purposes of a Rule 12(b)(6) motion read the Complaint indulgently, the Court is not required to accept as true unsupported conclusions and unwarranted inferences.  Schuykill Energy Resources v. PP&L, 113 F.3d 405, 417 (3d Cir. 1997).  There must be an actual, actionable claim underlying the Complaint's allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Plaintiff argues that Defendant breached a contract to perform the scope of work detailed in the bid at the quoted price by continually refusing to perform that work. (Pl. Compl. at 4.) In what seems to be an alternative argument, Plaintiff seeks relief through promissory estoppel.  Plaintiff argues that it

4

actually relied on Defendant's quoted price as reasonable, and Defendant's failure to honor its quoted price caused Plaintiff's damages.  (Id.)

### A.   Plaintiff's Breach of Contract Claim

Plaintiff's breach of contract claim cannot survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss because no set of asserted facts, even if true, can demonstrate that a valid contract existed.  To prevail on a breach of contract claim, Plaintiff must prove that a valid contract existed, Defendant materially breached the contract and Plaintiff suffered damages as a result of the breach.  Coyle v. Englander's, 199 N.J. Super. 212, 223 (App. Div. 1985).  In order for a valid contract to exist, Plaintiff must show mutual assent, consideration, legality of the object of the contract, capacity of the parties and formulation of memorialization.  Cohn v. Fisher, 118 N.J. Super. 286, 291 (Law Div. 1972).

Under the objective theory of mutual assent followed in all jurisdictions, a contracting party is bound by the apparent intention he outwardly manifests to the other contracting party. Id. at 225.  "The question is primarily one of intention, and an offer to constitute a contract must be in a form which is intended of itself to create legal relations on its acceptance." Trs. of First Presbyterian Church in Newark v. Howard Co.

<u>Jewelers</u>, 12 N.J. 410, 414 (1953).  The offer must contemplate the assumption of legal rights and duties and must show a clear intention to assume liability.  <u>Id</u>.  Here, based on the express language of the bid and the facts as pleaded by Plaintiff, the best and only evidence of Defendant's intention is the language of the bid itself.

Indeed, the express language of the bid specifically states, "Pote Concrete Contractors, Inc. will not be responsible or liable in any manner pending execution of a written agreement . . . ."  (Pl. Compl. at Ex. A.)  The bid further states, "The submission of this information should not be regarded as a firm offer."  <u>Id</u>.  This language is not couched in fine print, but rather it is stated clearly in the final paragraph of the bid letter.  This Court finds that Defendant did not manifest an intention to be bound to the amount in the bid, and no set of facts in the pleadings taken as true could prove otherwise.  Accordingly, Plaintiff's beach of contract claim will be dismissed.


**B.   <u>Plaintiff's Promissory Estoppel Claim</u>**

Plaintiff's cause of action for promissory estoppel must also fail based on Plaintiff's pleaded facts.  The New Jersey Appellate Division wrote that promissory estoppel could be applied to require a subcontractor to perform in accordance with

its bid, if the general contractor can establish the essential elements of promissory estoppel.  <u>E.A. Coronis Assoc. V. M. Gordon Constr. Co.</u>, 90 N.J. Super 69, 79 (App. Div. 1966).  There are four elements to the doctrine of promissory estoppel: (1) a clear and definite promise, (2) made with the expectation that the promisee will rely upon it, (3) reasonable reliance upon the promise, (4) which results in definite and substantial detriment. <u>Lobiondo v. O'Callaghan</u>, 357 N.J. Super. 488, 499 (App. Div. 2003).

Here, as established above, there is no clear and definite offer from Defendant.  Furthermore, Plaintiff will be unable to show that it reasonably relied on Defendant's information.  The bid letter states in the final paragraph, "This is provided for informational purposes and no reliance should be placed thereon." (Pl. Compl. at Ex. A.)  On the contrary, a reasonable inference is that Defendant intended for Plaintiff to use the information, but not rely on it "pending the execution of a written agreement."  (<u>Id</u>.)  Accordingly, Plaintiff's promissory claim must fail and will be dismissed.

### C.   <u>Conclusion</u>

For the reasons explained herein, the alleged contractual documents themselves show that Plaintiff can prove no set of facts to validate its breach of contract or promissory estoppel

claims.  Accordingly, Defendant's Fed. R. Civ. P 12(b)(6) motion to dismiss for failure to state a claim will be granted.

**March 27, 2006**                       **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                         United States District Judge